UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | | |
|---|---|---|---|
| ROSS SAMUEL BRYANT, | ) | | |
| | ) | | |
| Petitioner, | ) | | |
| | ) | | |
| v. | ) | Nos. | 3:08-CR-79-PLR-HBG-1 |
| | ) | | 3:14-CV-272-PLR |
| UNITED STATES OF AMERICA, | ) | | |
| | ) | | |
| Respondent. | ) | | |

**MEMORANDUM AND ORDER**

On June 18, 2014, Petitioner filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [Doc. 30]. On February 11, 2016, this Court appointed Federal Defender Services of Eastern Tennessee (FDSET) for the limited purpose of reviewing the case to determine whether Petitioner was eligible for collateral relief based on *Johnson v. United States*, 135 S. Ct. 2551 (2015). E.D. Tenn. SO-16-02 (Feb. 11, 2016). Consistent with that appointment, FDSET filed a supplement challenging the propriety of Petitioner's ACCA designation [Doc. 33 (suggesting that Petitioner's four Tennessee convictions for aggravated burglary are no longer predicate violent felonies after *Johnson*)].

On April 1, 2017, the United States responded with the suggestion that Petitioner's entitlement to relief hinges on whether his conviction under Tennessee's aggravated burglary statute remains a violent felony under the ACCA enumerated-offense clause [Doc. 38]. Noting the Sixth Circuit has agreed to address that very issue *en banc* in *United States v. Stitt*, 646 F. App'x 454 (6th Cir. 2016), the United States requests that the Court defer resolution of Petitioner's § 2255 motion pending the Sixth Circuit decision [*Id.*]. Petitioner did not reply to the United

States's response and the time for doing so has now passed. E.D. Tenn. L.R. 7.1, 7.2. This Court interprets the absence of any response as a waiver of objection.

"The question whether to stay a case pending a potentially dispositive decision in an appellate court is a pre-trial matter committed to the sound discretion of the [court]." *United States v. Johnson*, No. 3:11-CR-48, 2016 WL 4035187, at *1 (S.D. Ohio July 28, 2016). In light of the absence of a response in opposition and because *Stitt* will likely clarify whether convictions under Tennessee's aggravated burglary remain violent felonies after *Mathis v. United States*, 136 S. Ct. 2243 (2016), the Court finds that a stay is appropriate under the circumstances.

For the reasons outlined above, the United States's request for a stay [Doc. 38] is **GRANTED** and the action [E.D. Tenn. Case No. 3:14-CV-272-PLR] is **STAYED** pending issuance of the Sixth Circuit's *en banc* decision in *Stitt*. The parties are **DIRECTED** to file a joint status report within **thirty (30) days** of that decision.

**IT IS SO ORDERED.**

_____
**UNITED STATES DISTRICT JUDGE**